IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONNOR CROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ILLINOIS STATE POLICE OFFICERS | ) | |
| A. ORTIZ, Star No. 7483, K. KELLIHER, Star No. | ) | |
| 5534, and UNKNOWN STATE OF ILLINOIS | ) | |
| LAW ENFORCEMENT PERSONNEL | ) | Judge |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Connor Crouse, by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants Illinois State Police Officers A. Ortiz, Star No. 7483, Kelliher Star No. 5534, and Unknown State of Illinois Law Enforcement Personnel, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**PARTIES**

3. Plaintiff, Connor Crouse ("Connor" or "Mr. Crouse"), is a citizen of the United States of America, who currently resides in the Northern District of Illinois.

4. Defendant Illinois State Police Officer, A. Ortiz, was at the time of this occurrence a duly licensed Illinois State Police Officer. He engaged in the conduct complained of while on duty in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant Illinois State Police Officer K. Kelliher was at the time of this occurrence a duly licensed Illinois State Police Officer. He engaged in the conduct complained of while on duty and in the course and scope of his employment and under color of law. He is sued in his individual capacity.

6. Defendants, Unknown Illinois State Police Officers were at the time of this occurrence duly licensed Illinois State Police Officers. They engaged in the conduct complained of while on duty and in the course and scope of his employment and under color of law. They are sued in their individual capacity.

**BACKGROUND**

7. On June 22, 2024, at approximately 9:30 pm, Connor Crouse was driving his car on Interstate 94 East.

8. Connor has spent the day at Six Flags Amusement Park with his girlfriend, and they were heading home as severe weather approached.

9. Anticipating the momentary arrival of a severe storm and active tornado warnings, Connor elected to drive in the right lane for slower traffic.

10. Illinois State Trooper, Defendant A. Ortiz, activated his emergency lights behind

Connor's vehicle.

11. Connor responded promptly; immediately using his turn signal and pulling over.

12. Connor provided Ortiz with his valid driver's license and current insurance information.

13. When Ortiz asked Connor if he had been drinking, Connor indicated that he had sipped a small amount of his girlfriend's margarita at Six Flags a few hours ago.

14. Ortiz asked Connor to do a field breathalyzer test, and Connor politely complied.

15. According to the breathalyzer test, Connor registered a .013, substantially below the Illinois legal limit of .08.

16. Ortiz had Connor perform the field breathalyzer test three additional times.

17. The highest result was .013.

18. Ortiz walked Connor to his squad car before handcuffing him and placing him inside.

19. Connor's girlfriend, Crystal also had a valid driver's license

20. The trooper had Connor's girlfriend perform a field breathalyzer test.

21. Crystal was also certainly not over the legal limit.

22. However, Ortiz told her that the test registered six times the legal limit for driving.

23. Both Connor and Crystal can be seen on video walking normally and can be heard, asking intelligent questions.

24. Crystal was so obviously not impaired that Ortiz allowed Crystal to walk back to Connor's car and left her on a busy freeway in a downpour to gather her belongings.

25. In the squad car, Connor continued to insist that he was not intoxicated, and Ortiz

informed him that he was going to the police station.

26. Ortiz informed Connor that if he repeated the breathalyzer test on the station's equipment, and it was below the legal limit, he would be released.

27. The Officer confiscated Connor's license.

28. Ortiz took both Connor and Crystal to the police station.

29. Connor's vehicle was towed from Interstate 94 by Ernie's Wrecker Service, Inc., with a twelve-hour DUI hold.

30. At the station, Connor performed a breath chemical test at 10:46 pm and registered a .000.

31. Shockingly, instead of letting Connor go, Ortiz created a false report and went forward with DUI charges against Connor.

32. Defendant Ortiz falsely claimed in his sworn police report that Connor had blood-shot glassy eyes, that he spoke in a slurred manner and that Connor had the strong odor of alcohol on his breath.

33. Ortiz also falsely claimed that Connor committed improper lane usage by crossing lane boundaries unsafely.

34. Ortiz falsely claimed that Connor came close to striking other vehicles.

35. Ortiz's dashboard camera video shows Connor staying within his marked lane boundaries.

36. Ortiz did not use a radar speed finder, or any other precision speed measuring device, on Connor's car but claimed that Connor was going exactly one mile an hour below the speed limit.

37. Ortiz decided to complete a false police report and have Connor charged with a

DUI without ever asking Connor to do a field sobriety test either at the roadside or the station.

38. The video shows that Connor was not physically impaired.

39. Defendant Illinois State Police Officer, K. Kelliher, knowingly approved charges for DUI even after learning Connor registered **a .000 blood alcohol** concentration at the station and after learning that the Connor's highest result on a field sobriety test was a .013 blood alcohol level.

40. Rather than admit fault, Defendants did not attempt to have Connor's car released from the towing service they had called; and Connor was left to pay for towing and to try to get a hearing.

41. Ortiz improperly took Connors license and led him to believe it was suspended.

42. Defendants unlawfully caused Connor to be held in custody and processed before he was released.

43. Defendants knowingly and unlawfully caused Connor to be charged with DUI and allowed the prosecution to go forward to protect themselves.

44. On December 17, 2024, all charges against Connor Crouse were dismissed.

45. As a direct result of the Defendants' conduct, Connor Crouse suffered emotional and monetary damages.

**<u>Count I</u>**
**42 U.S.C. Section 1983**
**Fourth Amendment -- Illegal Seizure and False Arrest against Ortiz**

46. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47. The seizure and arrest of the Plaintiff and the unlawful seizure of his vehicle; performed willfully, wantonly and unreasonably by Defendant Ortiz, as detailed above, was in violation of plaintiff's right to be free of unreasonable seizure and false arrest under the Fourth

Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

48. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including loss of freedom, monetary loss, emotional distress, and mental anguish.

### Count II – 42 U.S.C. § 1983
### Malicious Prosecution Against all Defendants

49. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

50. As more fully stated above, all Defendants caused criminal proceedings against Connor to be commenced with malice, for reasons other than bringing him to justice, and without having probable cause to commence a prosecution.

51. Plaintiff was deprived of liberty until he was out of custody.

52. The case was ultimately terminated in Plaintiff's favor by nolle prosequi.

53. As a direct and proximate result of this illegal and malicious conduct, Mr. Crouse suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

### Count III – Illinois State Law Claim
### Malicious Prosecution Against All Defendants

54. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

55. As stated above, the Defendants caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

56. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence, which fully and finally terminated the prosecution in Plaintiff's favor.

57. As a direct and proximate result of this illegal and malicious conduct, Mr. Crouse

suffered injury, including but not limited to loss of freedom, emotional injury, and economic damages.

### Count IV – Intentional Infliction of Emotional Distress
### Against Defendant Ortiz

58. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

59. Defendant Ortiz's conduct, as described above, was extreme and outrageous.

60. Defendant Ortiz either intended to cause, or recklessly or consciously disregarded the probability of causing, emotional distress.

61. Ortiz's conduct actually and proximately caused emotional distress.

62. As a direct result, Plaintiff suffered severe/extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees pursuant to § 1988 or otherwise, and for such other and additional relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorneys for Plaintiff

Christopher Smith
Christopher Smith Trial Group, LLC
53 West Jackson, Suite 856
Chicago, IL 60604
312.432.0400